# CHARLESTON.

OPHELIA HOFF v. WILLIAM EDDY.

Submitted May 6, 1924.   Decided May 13, 1924.

1. ATTACHMENT—*Personal Service on Non-resident Will Not Defeat Allegation of Non-residence in Affidavit.*

    Personal service upon a non-resident defendant within the state will not defeat the allegation of non-residence in the affidavit for attachment. (p. 454).

2. GARNISHMENT—*When Intervenor's Evidence Fails to Support Claim to Property in Hands of Garnishee, His Evidence May be Excluded on Motion of Plaintiff.*

    Where the evidence introduced by an intervenor in an attachment suit does not tend to support his claim to the property in the hands of the garnishee, the court may properly exclude such evidence on motion of plaintiff in the suit. (p. 454).

3. SAME—*Intervenor Must Recover on Strength of Own Right.*

An intervenor in a garnishment proceeding, if he recovers at all, must recover on the strength of his own right, and can not complain that the defendant's right to the property is not proven. (p. 455).

Error to Circuit Court, Pleasants County.

Suit by Ophelia Hoff against William Eddy, in which J. G. Crist and others intervened. From a judgment for plaintiff, the intervenors bring error.

*Affirmed.*

G. D. *Smith,* for plaintiffs in error.
Craig & *Wells,* for defendant in error.

MILLER, JUDGE:

Plaintiff instituted this suit in assumpsit in the circuit court of Pleasants County, and filed her affidavit for attachment, alleging that the defendant was a non-resident of the state, and designated the First National Bank of St. Marys as being indebted to him. The sheriff's return shows that personal service was had on the defendant in Pleasants County; and the return to the order of attachment shows that service was had on the president of the bank designated as garnishee. When the case was called for trial the defendant failed to appear, and judgment was entered against him for the amount of plaintiff's claim. On the day the judgment was entered, an order of the court shows that the bank designated as garnishee appeared, by its president, "who had been duly summoned as garnishee in the above styled cause, and thereupon the said W. C. Dotson, president of said bank says for answer to said garnishment proceeding that there is now in the hands of said bank the sum of Two Hundred Sixteen Dollars and fifty-six cents, deposited in an escrow account to be paid to William Eddy on the completion of the drilling of an oil well in the state of Ohio, that being the balance in the said account on the 16th day of May, 1921, at the time the said order of attachment was served upon the said bank, but he is not fully advised as to whom the said funds belong."

Later, J. G. Crist, J. E. Helm, and W. E. Laughner, partners, filed in court their petition, claiming a prior lien and equity on the money in the bank to the credit of defendant. They alleged that they had a contract with defendant, whereby he was to drill for them an oil well in the state of Ohio, and that they had advanced to him on said contract the sum of $2,350.74 or $348.74 more than the contract price; and prayed that their petition might be filed and the plaintiff required to answer, and an issue be made thereon and tried by a jury, and that the money in question in the hands of the bank be released from the attachment and turned over to them.

By agreement of the parties the issue made by the intervenors' petition was tried by the court in lieu of a jury. Plaintiff moved the court to exclude the intervenors' evidence; and on a later day the intervenors moved to quash the attachment, on the ground that the bank's answer failed to show that the money in question in its hands was the property of defendant. The court overruled the motion to quash, and sustained the motion to exclude the petitioners' evidence; and entered judgment in favor of plaintiff against the garnishee for the sum of $216.56. From this judgment the intervenors have appealed.

First, it is said that the garnishment proceedings must fall because there was personal service of process on the defendant, and that the record will show he was not a non-resident of this state when the suit was brought. We find nothing in the record tending to show that defendant was a resident of this state, but on the contrary the affidavit for the order of attachment recites that he was a non-resident. In Shinn on Attachment and Garnishment, §103, it is said: "Where one is' in fact a non-resident, his property will be liable in a foreign attachment, notwithstanding the fact that the defendant may be in the state at the time it is sued out. Nor will the allegation of non-residence be defeated by the fact the defendant is personally served. The effect of such personal service will, of course, be to give the court jurisdiction to enter a general judgment and issue an execution, not only against the property attached but against the defendant and all of his property."

It is contended by petitioners that the answer of the garni-

shee and the evidence introduced failed to show that the $216.56 in the hands of the bank was the money of defendant, but on the contrary established the fact that it belonged to petitioners.   All the evidence introduced on the issue made by the intervenors' petition was the testimony of J. G. Crist and the exhibits filed therewith.   From his evidence it appears that defendant contracted to drill an oil well for one P. S. Barry, assignor of petitioners, to a depth of about 1000 feet unless oil should be found at a lesser depth.   Barry agreed to pay for the casing used, and to pay two dollars per lineal foot for the drilling of the well.   A sufficient sum to pay for the work at the rate stipulated in the contract was to be deposited by Barry in the First National Bank of St. Marys to the credit of defendant, to be paid to him upon the completion of the well, any surplus there might be to be returned to Barry.   Crist testified that the defendant completed the well, and that $2,000.00 was deposited in the bank, of which $1,-000.00 was paid to defendant in cash, and $783.44 for casing; which would leave a balance of $216.56 in the bank.   According to Crist's evidence, he and his partners in addition paid out for casing and transportation on the same, $569.30, which he says was an overpayment to defendant of $348.74.   The well was drilled to the depth of 1002 feet, which at two dollars per foot would amount to $2,004.00.   From this evidence, since petitioners were to furnish the casing for the well, it appears that they are still indebted to defendant far in excess of the balance in the bank.   It is admitted that the $216.56 is a part of the $2,000.00 deposited in the bank to the credit of defendant, to be paid to him upon the completion of the well; and the testimony of Crist is that he did complete it.   By their own evidence the petitioners failed to show any right to the balance remaining in the hands of the garnishee.   We are of opinion that the trial court properly excluded the evidence introduced by the intervenors, for it did not in any degree tend to establish their claim to the money attached.

As to the failure of the record to show that the money in the hands of the garnishee was the property of the defendant, petitioners can not complain of that, for "the question is not whether the property belongs to the defendant, but

whether it belongs to the claimant, and the claimant if he recover at all must recover on the strength of his own right." Shinn on Attachment, §674.

The judgment will be affirmed.

*Affirmed.*